T.C. Summary Opinion 2003-144

UNITED STATES TAX COURT

RIGOBERTO CAMPOS HERNANDEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5488-02S.                    Filed October 1, 2003.

Rigoberto Campos Hernandez, pro se.

<u>Karen Nicholson Sommers</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $3,168 in petitioner's

2000 Federal income tax. This Court must decide: (1) Whether petitioner is entitled to a dependency exemption deduction for his son; (2) whether petitioner is entitled to file as head of household instead of single; (3) whether petitioner is entitled to the child care credit; and (4) whether petitioner is entitled to the earned income credit.

Petitioner resided in San Diego, California, at the time he filed his petition.

Petitioner is the father of Luis Alfaro (Luis), born on December 28, 1993. Francisca Alfaro is the mother of Luis. Petitioner and Francisca Alfaro were not married.

Petitioner claimed a dependency exemption deduction with respect to Luis. Respondent disallowed that deduction.

Section 7491 does not apply because petitioner did not substantiate his deductions.

Section 151 allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152. Section 152(a) provides, in pertinent part, that a dependent includes a son over half of whose support in the taxable year was received from the taxpayer. Sec. 152(a)(1). In determining whether or not an individual received over half of his or her support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources,

including support which the individual himself or herself supplied.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.  Support includes food, shelter, clothing, medical and dental care, education, and the like.  Id.

To establish that petitioner provided more than one-half of the claimed dependent's support, he must first show by competent evidence the total amount of support furnished by all sources for the year in issue.  Blanco v. Commissioner, 56 T.C. 512, 514 (1971).  Petitioner has not offered competent evidence of the total amount of support provided for his son in 2000.  Aside from his testimony, petitioner presented no evidence to corroborate or substantiate any of the claimed support expenses, other than the child support payments.  Without proper substantiation, the Court cannot conclude from the record that more than one-half of the support of the claimed dependent was provided by petitioner.  Thus, petitioner has failed to establish that he provided over half of the total support for his son.  Accordingly, we hold that petitioner is not entitled to claim his son as a dependent under section 151.  Respondent's determination as to this issue is sustained.

Respondent determined that petitioner's filing status should be changed from head of household to single.  Section 2(b), in relevant part, defines head of household as an unmarried taxpayer who maintains as his home a household which constitutes for more

than one-half of such taxable year the principal place of abode of a son. Sec. 2(b)(1)(A)(i). Petitioner did not prove that his son had the same principal place of abode for more than one-half of 2000. The son had the mother's address on his school records. Petitioner paid court-ordered child support for his son to Francisca Alfaro, the mother. The Court gave petitioner an additional 30 days to submit support for his position. Petitioner failed to provide such support. Because we find that Luis did not have the same principal place of abode as petitioner for more than one-half the year in 2000, we find that petitioner may not claim head of household filing status. We sustain respondent's determination as to this issue.

Petitioner claimed a child tax credit of $223 for 2000, which respondent disallowed. Section 24(a) allows a child tax credit for each qualifying child of the taxpayer. A "qualifying child" means any individual if the taxpayer is allowed a deduction under section 151 with respect to the individual for the taxable year, the individual has not attained the age of 17 by the close of the year, and the individual bears a relationship to the taxpayer described in section 32(c)(3)(B). Sec. 24(c). In this case, because petitioner is not allowed a deduction under section 151 for his son, the son is not a qualifying child. Petitioner is not entitled to claim the child tax credit in 2000. We sustain respondent's determination as to this issue.

Petitioner claimed an earned income credit of $2,219 for 2000, which respondent disallowed. Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year. A qualifying child is one who satisfies a relationship test, a residency test, and an age test. Sec. 32(c)(3). To satisfy the residency test in this case, the son must have the same principal place of abode as petitioner for more than one-half of the year. Sec. 32(c)(3)(A). Because we found that Luis did not have the same principal place of abode as petitioner for more than one-half of 2000, we sustain respondent's determination as to the earned income credit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.